UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD GORDON,

          Plaintiff,                 CIVIL ACTION NO. 08-11676

          v.                     DISTRICT JUDGE SEAN F. COX

COMMISSIONER OF             MAGISTRATE JUDGE VIRGINIA MORGAN
SOCIAL SECURITY,

          Defendant.

_____/

## REPORT AND RECOMMENDATION

      This is an action for judicial review of the defendant's decision denying plaintiff's application for social security disability benefits and supplemental security income (SSI). Plaintiff alleged that he became disabled January 31, 2005, due to rheumatoid arthritis, cervical and lumbar spondylosis and osteoarthritis. The defendant found that plaintiff had such impairments but that he was not fully credible regarding the intensity, persistence, and limiting effects of the symptoms. The ALJ found that plaintiff could not do his past relevant work, but he retained the residual functional capacity to perform a limited range of light work including a variety of jobs that existed in significant numbers. Plaintiff contends that the determination of credibility was erroneous and that the hypothetical to the vocational expert was not correct. Accordingly, plaintiff argues, the decision was not supported by substantial evidence. Defendant contends otherwise. For the reasons stated in this Report, it is recommended that the defendant's motion for summary judgment be denied, plaintiff's motion be granted in part, and the matter be remanded to the agency under sentence four for further proceedings.

- 1 -

At the time of the ALJ's decision, plaintiff was 49 years old.  His date of birth is March 2, 1958.[1]  He has past relevant work as a bartender, carpenter assistant, short order cook, construction clean up worker, drain cleaner, and delivery driver.  The defendant found that plaintiff was not able to perform any of his past relevant work, which was all classified as medium or with lifting restrictions more than plaintiff's residual functional capacity permitted.  However, defendant found that plaintiff could perform a restricted range of light work which existed in significant numbers, and according to the vocational expert, that would include security guard, cashier, and assembler.  (Tr. 202-204)

The issue before the court is whether to affirm the Commissioner's determination.  In Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989), the court held that:

> Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion.  42 U.S.C. §405(g); Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L. Ed. 2d 842 (1971).  Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L. Ed. 2d 126 (1938).  The scope of our review is limited to an examination of the record only.  We do not review the evidence *de novo*, make credibility determinations nor weigh the evidence.  Reynolds v. Secretary of Health and Human Services, 707 F.2d 927 (5th Cir. 1983).

Brainard, 889 F.2d at 681.

---

[1]Unlike the usual case where the ALJ opinion references the age of the plaintiff at the time of the opinion, this opinion discusses only the age of plaintiff at onset.  The Medical Vocational Guidelines for a "younger individual" are up to age 50.  Here, plaintiff's onset date is age 47.  The opinion was issued about 4 and a half months before plaintiff would fall into a different category, that of "closely approaching advanced age."  The ALJ used Medical-Vocational Rule 202.21 applicable to younger individuals to evaluate plaintiff's claim.  Plaintiff's specific age was not included in the hypothetical presented to the vocational expert.

To establish a compensable disability under the Social Security Act, a claimant must demonstrate that he is unable to engage in any substantial gainful activity because he has a medically determinable physical or mental impairment that can be expected to result in death or has lasted, or can be expected to last, for at least 12 continuous months.  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a).  If a claimant establishes that he cannot perform his past relevant work, the burden is on the Commissioner to establish that the claimant is not disabled by showing that the claimant has transferable skills which enable him to perform other work in the national economy.  Preslar v. Secretary of HHS, 14 F.3d 1107 (6th Cir. 1994); Kirk v. Secretary of HHS, 667 F.2d 524, 529 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).

*1. Hypothetical*

Plaintiff contends that the hypothetical to the vocational expert failed to accurately reflect the residual functional capacity found by the ALJ.  The ALJ considered the medical evidence and found as follows with respect to plaintiff's residual functional capacity:

> 5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to occasionally lift up to 20 pounds, frequently lift or carry up to ten pounds in light work as defined by the regulations; stand or walk for approximately 6 hours per 8 hour workday and sit for approximately 2 hours per 8 hour work day, with normal breaks, occasional pushing or pulling, no climbing of ladders, ropes or scaffolds; occasional climbing of ramps or stairs; frequent balancing; occasional stooping or crouching, no kneeling or no crawling; frequent handling of objects defined as gross manipulation; frequent fingering, defined as fine manipulation of items no smaller than the size of a ball point pen; avoid concentrated exposure to extreme cold; avoid concentrated exposure to wetness and humidity and avoid concentrated exposure to unprotected heights.  (Tr. 17)

The ALJ's hypothetical to the VE was for light work as defined in the regulations.  (Tr. 202)  Light work is defined as:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this

> category when it requires a good deal of walking or standing, or
> when it involves sitting most of the time with some pushing and
> pulling of arm or leg controls.  To be considered capable of
> performing a full or wide range of light work, you must have the
> ability to do substantially all of these activities.

20 C.F.R. §404.1567(B).  No sitting or standing limitations are contained in the question.  Since

the ALJ determined that plaintiff cannot sit for more than 2 hours of an 8 hour day, the

hypothetical was wrong and reliance on it cannot constitute substantial evidence.[2]  Plaintiff, by

the ALJ's determination, does not have the RFC to permit the full sitting or standing

requirements of light work.  (Tr. 17)  Plaintiff argues then that since this limitation was not given

the vocational expert, the jobs and numbers of jobs cannot be used to support the decision

denying benefits to plaintiff at step 5.

The government concedes that the ALJ "mistakenly cited to the first hypothetical

question in support of his step five finding."  The government states that this is "at most,

harmless error."  The government suggests that since the ALJ posed three different hypothetical

questions and the second one [not cited to or discussed by the ALJ in the opinion] could support

a finding of non-disability, the court should conclude that the ALJ could have relied on that

question to deny benefits.  The government then continues that since remand on this issue would

not result in a different outcome, the court should affirm the denial of benefits.  (Brief pp. 11-12)

This court disagrees.  "Although the Court's review is deferential, the ALJ's decision cannot

stand if it contains errors of law, lacks evidentiary support, or lacks an adequate discussion of the

issues."  Briscoe v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005); Bush v. Astrue, 571 F.Supp.2d

866, 873 (N.D. IL 2008).  It is not the job of the court to guess at what the ALJ might have

determined had he relied on the second hypothetical.

---

[2]It should be noted that plaintiff's treating physician opined that plaintiff could only sit
for two hours a day.  The ALJ opined that he would give this little weight but previously upheld
that finding in his determination of plaintiff's RFC.  (Tr. 20, 17)

It also should be noted that none of the hypothetical questions contained reference to the plaintiff's specific age.  The SSA has created Medical-Vocational Guidelines ("grids") to standardize disability determinations in the fifth step.  Heckler v. Campbell, 461 U.S. 458, 461, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).  These grids are based on a series of rules and synthesize the relevant vocational factors of age, education and work experience[3] along with residual functional capacity by categorizing each factor and creating tables based on these categories.  20 C.F.R. § 404, Subpt. P, App. 2, Rule 200.00(a).  For example, age is divided into three categories: younger person (18-49), person closely approaching advanced age (50-54) and person of advanced age (55 and over).  20 C.F.R. § 416.963.

The regulations require that the ALJ "not apply the age categories mechanically in a borderline situation."  20 C.F.R. § 416.963(b).  If a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination ... that [he] is disabled, [the ALJ] will consider whether to use the older age category after evaluating the overall impact of all the factors."  Id.  To clarify this regulation, the SSA Appeals Council noted that using "the higher age category is not automatic" in every borderline situation.  Soc. Sec. Admin., Application of the Medical-Vocational Guidelines in Borderline Age Situations, Hearings, Appeals, and Litigation Law Manual II-5-3-2 (1993) ("HALLEX"); accord Russell v. Comm'r of Soc. Sec., 20 F.Supp.2d 1133, 1135 (W.D. MI 1998).  The regulations note that advancing age increasingly limits a person's ability to adjust to a new type of work.  20 C.F.R. § 416.963(a).  The ultimate question, though, is whether the claimant has "the ability to adjust to other work."  Id.; see also Soc. Sec. Ruling 83-10 (1983) (explaining that the "ultimate question in the medical-vocational evaluation ... is whether work that an individual can do functionally and vocationally exists in the national economy.").  In

---

[3]The VE testified that plaintiff's work experience gave him no transferable skills.  (Tr. 203)

determining whether a given case presents a borderline age situation, the relevant date is when the ALJ issues his opinion.  HALLEX II-5-3-2 (instructing adjudicators to apply this interpretation "whenever the age category changes within a few months after ... the date of the ALJ's decision"); *e.g.*, Fried v. Sullivan, 1991 WL 180296, at *1 (9th Cir. 1991); *cf.* 20 C.F.R. § 404.620 (setting the ALJ's decision as the cutoff date to determine eligibility for disability insurance benefits).  In Metaxotos v. Barnhart, 2005 WL 2899851, at *8 (S.D. NY 2005), the court remanded for consideration of the borderline situation where the plaintiff was 6 months shy of an older age category.  *See also*, France v. Apfel, 87 F.Supp.2d 484, 491 (D. MD 2000) (granting summary judgment for the plaintiff where the difference was 5 months).  *But see* Crady v. Sect'y of Health & Human Serv., 835 F.2d 617, 622 (6th Cir.1987) (applying the substantial evidence rule to determine that the ALJ has discretion to decide if a case is borderline where the claimant was one month shy of his 55th birthday).

At a minimum the ALJ should have presented the claimant's age to the VE in the hypothetical and taken testimony regarding the application of the higher age category.  The ALJ should have made an explicit decision about the appropriate age category to use, including a consideration of the appropriateness of the older age category and if an older age had been applied, whether the vocational grids would have dictated a finding of "disabled"regardless of the claimant's residual functional capacity, given his education and skill set.  20 C.F.R. §§ 404.620, 416.963(a, b).

The ALJ's reliance on the vocational expert's testimony is not sufficient to overcome his failure to explicitly consider whether the older age category is more appropriate. Vocational experts may be used when the issue is whether the claimant's "work skills can be used in other work."  20 C.F.R. § 416.966(e).  This vocational adaptability determination is a separate inquiry from the age determination, and the regulations regarding age do not similarly provide for the use of a vocational expert.  *See* 20 C.F.R. § 416.963.

- 6 -

Finally, the regulations imply that the ALJ has some discretion in determining whether to apply the older age category in a given case.  *See* Soc. Sec. Ruling 83-10 (1983) (refusing to promulgate "fixed guidelines as to when a borderline situation exists [because] such guidelines would themselves reflect a mechanical approach").  The court's decision here preserves that discretion.  The ALJ is not required to find that the older age category would have been more appropriate; he must, simply, recognize the borderline situation and consider the older age category.  Because the ALJ did not explicitly analyze the impact of the plaintiff's borderline age and because the hypothetical question upon which he relied differed from his determination of the RFC, he improperly applied the law and the court remands this case for proper consideration.

*2. Credibility*

Plaintiff additionally argues that the ALJ erred in making an adverse credibility determination.  ®. Pl.'s Mem. in Supp. of Mot. for Summ. J. at 13-14.)  An ALJ's credibility determination deserves "considerable deference" and may be overturned only if it was "patently wrong."  Nevertheless, the ALJ must articulate specific reasons for discounting a claimant's testimony as less than credible, and cannot simply ignore testimony or rely on an apparent conflict between the objective medical evidence and the claimant's testimony as a basis for a negative credibility finding.  SSR 96-7p.  Further, the ALJ's decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  Murphy v. Barnhart, 417 F.Supp.2d 965, at 972 (2006).

Plaintiff claims the ALJ did not properly evaluate his complaints of disabling pain.  The ALJ found they were not credible.  Pain caused by an impairment can be disabling, but each individual has a different tolerance of pain.  Houston v. Secretary of HHS, 736 F.2d 365, 367 (6th Cir. 1984).  Therefore, a determination of disability based on pain depends largely on the credibility of the plaintiff.  Houston, 736 F.2d at 367; Walters v. Commissioner of Social

Security, 127 F.3d 525, 531 (6th Cir. 1997); Villarreal v. Secretary of HHS, 818 F.2d 461, 463 (6th Cir. 1987). Because determinations of credibility are peculiarly within the province of the ALJ, those conclusions should not be discarded lightly. Villarreal, 818 F.2d at 463 and 464.

In Duncan v. Secretary of HHS, 801 F.2d 847 (6th Cir. 1986), this circuit modified its previous holdings that subjective complaints of pain may support a claim of disability. Subsequently, the Social Security Act was modified to incorporate the standard. 20 C.F.R. § 404.1529 (1995). A finding of disability cannot be based solely on subjective allegations of pain. There must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. Jones v. Secretary of HHS, 945 F.2d 1365, 1369 (6th Cir. 1991).

Here, the ALJ summarized the medical evidence and concluded that plaintiff's statements concerning the intensity, persistence and limiting effects of his pain were not entirely credible. The ALJ found that plaintiff had the claimed impairments and used the treating physician's restrictions in determining the RFC. The ALJ reviewed the medical evidence as it existed in the record, and also considered plaintiff's account of his daily activities. It is difficult to say that the ALJ adequately considered the relevant factors in making his credibility determination, because on one hand the opinion of the treating physican is adopted and then later in assessing plaintiff's credibility it is given little weight. Plaintiff had extended periods where he did not see a doctor. Plaintiff contends that this was because of his insurance. This however was not discussed. The absence of treatment makes a remand for benefits inappropriate.

In short, there is no discussion of the plaintiff's credibility which is susceptible of judicial review. On remand, the ALJ should clarify the basis upon which he determined that the plaintiff overstated his symptomotology and limitations.

*3. Conclusion*

Accordingly, it is recommended that the defendant's decision for summary judgment be denied, plaintiff's granted in part, and matter be remanded to the agency for further proceedings.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: January 26, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on January 26, 2009.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan