UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD GORDON,

    Plaintiff,                                    Case No. 08-11676

v.

                                              HON. SEAN F. COX

MICHAEL J. ASTRUE,                    United States District Court
COMMISSIONER
OF SOCIAL SECURITY,

    DEFENDANT.
_____/

OPINION & ORDER
ACCEPTING AND ADOPTING REPORT & RECOMMENDATION

This social security appeal is before the Court for consideration of Defendant's objections to the Report and Recommendation ("R&R") filed by Magistrate Judge Virginia M. Morgan on January 26, 2009. In the R&R, Magistrate Judge Morgan recommends that the Court reverse the Commissioner's decision and remand Plaintiff's claims for further proceedings. For the reasons that follow, the Court overrules the objections filed by Defendant and shall adopt the R&R in its entirety.

BACKGROUND

Plaintiff Richard Gordon ("Gordon") brought this action challenging a final decision of the Social Security Commissioner ("the Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act.

Gordon alleged that he became disabled January 31, 2005, due to rheumatoid arthritis, cervical and lumbar spondylosis and ostroarthritis. The Commissioner found that Gordon had

1

such impairments but that he was not fully credible regarding the intensity, persistence, and limiting effects of the symptoms. The Administrative Law Judge ("ALJ") found that Gordon could not do his past relevant work, but that Gordon retained the residual function capacity ("RFC") to perform a limited range or light work including a variety of jobs that existed in significant numbers. Gordon filed his motion for summary judgment [Doc. No. 11] on September 12, 2008, arguing that the ALJ's determination of credibility was erroneous, that the hypothetical posed to the vocational expert was not correct, and that therefore the ALJ's decision was not supported by substantial evidence. The Commissioner disagreed with these arguments, and filed a cross-motion for summary judgment [Doc. No. 12] on October 10, 2008.

Both of the parties' motions were referred to Magistrate Judge Morgan pursuant to 28 U.S.C. § 636(b)(1)(B) & (C).

On January 26, 2009, Magistrate Judge Morgan issued her R&R which recommends that the Commissioner's motion for summary judgment be denied, that Gordon's motion be granted in part, and that the matter be remanded for further administrative proceedings.[1]

In her R&R, Magistrate Judge Morgan concluded that the hypothetical question posed did not adequately accommodate Gordon's restrictions on sitting or standing. She further found that the hypothetical posed to the vocational expert did not take into account Gordon's "borderline" situation of "closely advancing age" as required by 20 C.F.R. § 416.963(b). Finally, Magistrate Judge Morgan concluded that the ALJ did not sufficiently discuss Gordon's credibility to make an adverse credibility finding. In light of these conclusions, Magistrate

---

[1]The underlying facts of this case are fully set forth in the R&R and will not be restated here.

Judge Morgan recommended a remand for further administrative proceedings consistent with her R&R.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within ten (10) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

The Commissioner filed timely objections to the R&R on February 17, 2009 [Doc. No. 15]. Gordon has not filed a reply to the Commissioner's objections.

ANALYSIS

In his Objections, the Commissioner challenges Magistrate Judge Morgan's reasons for recommending that the Court remand the case: 1) that remand is required due to the ALJ's mistakenly listing jobs that the vocational expert identified in response to an incomplete hypothetical; 2) that "it is not the job of the court to guess at what the ALJ might have determined had he relied on the second hypothetical" [R&R at 4]; 3) that remand is required due to the ALJ's failure to consider Gordon's borderline age category; and 4) that remand is required based on the ALJ's failure to provide a credibility determination susceptible to judicial review.

With respect to the first reason, the Commissioner argues that the hypothetical posed to the vocational expert, "by allowing the worker to choose his or her position between sitting and standing, would encompass Plaintiff's limitation to sitting only two hours per day and standing or walking up to six hours per day." [Doc. No. 15, p.2]. The Court finds no merit to the Commissioner's objection and concurs with Magistrate Judge Morgan's conclusion that the

3

hypothetical question posed did not adequately accommodate Gordon's restrictions on sitting or standing.

With respect to the second challenge, the Commissioner argues that "[t]he court need not guess what the ALJ would have determined. The hypothetical included all of the credible limitations found by the ALJ." [Doc. No. 15, p.2]. Therefore, argues the Commissioner, remand would be meaningless in this case, as "there is not the slightest uncertainty as to the outcome of the administrative proceeding. . . ." *Id.*, *quoting NLRB v. Wyman-Gordon*, 394 U.S. 759, 766 n.6 (1969)(citations omitted).

The Court disagrees. As explained *supra*, the ALJ relied upon an improper hypothetical posed to the vocational expert in making findings in regard to Gordon. Contrary to the Commissioner's assertion, the vocational expert was not posed a hypothetical which accurately depicted Gordon's physical limitations on standing or sitting, and as such, there is no evidentiary support for the ALJ's findings. The Court therefore concurs with Magistrate Judge Morgan that the hypothetical question posed did not accurately accommodate Gordon's restrictions on sitting or standing.

With respect to the third challenge, the Commissioner relies upon the recent Sixth Circuit decision in *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395 (6th Cir. 2008). In *Bowie*, the Sixth Circuit explained that, where no evidence shows "additional vocational adversities" that might justify placing a claimant in a higher age category, the ALJ need not discuss and the Court need not remand to have non-existent factors considered. *Bowie*, 530 F.3d at 399.

While the Court agrees with Commissioner's recitation of *Bowie*, the Sixth Circuit in *Bowie* went on to state that despite the lack of a *per se* requirement to address borderline age

4

categorizations, ALJs are still obligated "to provide enough explanation of their overall disability determinations to assure reviewers that their decisions are supported by substantial evidence." *Bowie*, 530 F.3d at 400. The Sixth Circuit elaborated as follows:

> Although an AJ does not have a procedural obligation to address a claimant's borderline age situation in his opinion or explain his reasons for arriving at a particular age categorization, lack of an explanation may in some cases mean that the ALJ's ultimate decision is not supported by sufficient evidence. For example, substantial evidence might be lacking where an ALJ, with no explanation, places a claimant in the "younger individual" age category who is 49 years and 11 months, unskilled, sedentary, barely literate, and whose only previous work experience was in the fishing industry. In that situation, the claimant's additional vocational adversities would be significant and would merit some discussion of proper age categorization in order to meet the substantial-evidence threshold.

*Id*. at 400-01 (internal citation omitted). While, admittedly, the hypothetical posited by the *Bowie* court is more extreme than that likely faced in the instant case, the ALJ in this case did not provide any evidence that he considered Gordon's borderline age category, and relied upon an improper hypothetical which did not accurately represent Gordon's capabilities. Given that the vocational expert was not asked a proper hypothetical, there was no evidence for the ALJ to rely upon in this case to assure that Gordon's additional vocational adversities were not "significant." *Id*. at 401. The Court therefore concurs with Magistrate Judge Morgan that the ALJ did not properly consider Gordon's borderline age category.

With respect to the fourth and final challenge, the Commissioner asserts that "the ALJ properly applied the regulatory standard, weighed the relevant evidence, and gave good reasons for discrediting the alleged intensity, persistence, and limiting effects of Plaintiff's symptoms." [Doc. No. 15, p.4].

The Court disagrees. While the ALJ summarized medical evidence and concluded that Gordon's statements concerning the intensity, persistence and limiting effects of his pain were

not entirely credible, the ALJ gave no support for his decision to give little weight to the opinion of Gordon's treating physician. Gordon also provided evidence that his medical visits had grown infrequent due to his insurance coverage, casting doubt on whether Gordon's medical records were accurate and up to date. The ALJ did not weigh any of this in his opinion. The Court therefore concurs with Magistrate Judge Morgan that the ALJ did not provide a credibility determination susceptible to judicial review.

## CONCLUSION & ORDER

Accordingly, the Court **ACCEPTS** and **ADOPTS** the January 26, 2009 R&R**. IT IS ORDERED** that this case is **REMANDED** for further administrative proceedings consistent with the R&R.

**IT IS SO ORDERED**.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: July 15, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 15, 2009, by electronic and/or ordinary mail.

        S/Jennifer Hernandez
        Case Manager